UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CONSERVATION LAW FOUNDATION,<br><br>    Plaintiff,<br><br>v.<br><br>SHEA CONCRETE PRODUCTS, INC.,<br><br>    Defendant. | Civil No. 15-13879-LTS |

## ORDER ON MOTION FOR CONTEMPT (DOC. NO. 19)

January 13, 2017

SOROKIN, J.

The parties executed a consent decree entered by the court on April 29, 2016, providing for payment by Defendant to Plaintiff of $30,000 thirty days after entry of the Order and payment by Defendant to a different organization of $20,000 sixty days after entry of the Order. Doc. No. 17. Defense counsel sent prompt notice of the Court's April 29, 2016 decision entering the decree to two officials of the Defendant. However, the email address for one official was wrong and the other official was recovering from cancer and working only part-time. Doc. No. 19-5. The deadline for both payments by Defendant came and went without payment, notice of the same by defense counsel, or any complaint by Plaintiff. On July 11, 2016, for the first time, Plaintiff complained to defense counsel that Defendant had failed to make either of the required payments. Doc No. 20-3. Nothing suggests Defendants appreciated their failure before this complaint.   On July 13, 2016, Defendant mailed both payments and apologized for the error. Doc. No. 20-4.

2

Civil contempt sanctions serve two purposes: compensation for past noncompliance or coercion of future compliance. G & C Merriam Co. v. Webster Dictionary Co., Inc., 639 F.2d 29, 41 (1st Cir. 1980). The sanction here is unquestionably intended to be coercive not compensatory. In the case of coercive sanctions, the Court "has wide discretion." Id. While the Court understands that the absence of willfulness in the violation of the order does not relieve the Defendant from civil contempt, see Bear Republic Brewing Co. v. Century City Brewing Co., 887 F. Supp. 2d 331, 333 n.1 (D. Mass. 2012) (quoting McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)), in this case the Court finds the innocent violation to weigh heavily against the large sanctions Plaintiff requests here.

Plaintiff's request for a $500 per day penalty as set forth in paragraph 20 of the Consent Decree is rejected and Plaintiff's Motion for Contempt, Doc No. 19, is DENIED.

                                          SO ORDERED.

                                          /s/ Leo T. Sorokin
                                          Leo T. Sorokin
                                          United States District Judge